Birchard, C. J.
The first error assigned goes to the sufficiency of the declaration. The right to prosecute a suit upon the bond of an administrator is given by the 182d section of the act to provide for the settlement of the estates of deceased persons, (Swan’s Stat. p., 373,) which provides that after a claim has been allowed by the administrator, if he shall neglect upon demand by the creditor to pay the same, the creditor being by law entitled to the payment, the bond given for the discharge of the trust may be put in suit by the creditor. By this statute several things are required to entitle a party to maintain a suit in the name of the State for his use. Among others, neglect to pay upon demand made. The declaration does not allege that any demand was ever made of Chase, the administrator, nor does it aver any excuse for the omission.
This is a fatal objection to the declaration. . It is not a case of good title defectively set out, which might be cured by a verdict, but a case of defective title, that is bad even after verdict and on error. The demand by the creditor of payment from the administrator, and neglect of payment, is an essential element of the right of action against the obligors in the bond. It is in the nature of a condition precedent, made so by the statute, and therefore indispensable. Several other questions have been presented and ingeniously argued, but as the ruling on the above point is decisive of the case, it is unnecessary to notice them more particularly. The proper time to decide them .will be when a case arises which will make a decision of those points decisive of the controversy.

Judgment reversed.